UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD WEIKERT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:21-cv-00290-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions. First, Plaintiff Donald Weikert's motion for default judgment against the United Stated for failure to respond. Second, the United States' motion to dismiss pursuant to Rule 12(b)(6). For the reasons explained below, the Court will deny Mr. Weikert's motion for default judgment and grant the Government's motion to dismiss.

## BACKGROUND

MEMORANDUM DECISION AND ORDER - 1

Around July 25, 2019 Mr. Weikert injured himself outside of the United States Postal Service Office in Blackfoot, Idaho. *Compl.* ¶ 12, Dkt. 1. Mr. Weikert is an elderly gentleman but still maintains an active role in his community. *Def's Mot. Dismiss Ex. 1* at 1, Dkt. 5-3. He claims he sustained his injuries because of USPS's stairs were poorly maintained. *Compl.* ¶ 12, Dkt. 1.

In October 2019 Mr. Weikert's attorney filed an administrative tort claim with the USPS. *Def's Mot. Dismiss Ex. 1*, Dkt. 5-3. USPS responded to the filing by requesting more information about the injury, treatment, and costs. *Def's Mot. Dismiss Ex. 2*, Dkt. 5-4. Mr. Weikert's attorney first sent a letter acknowledging the request and then sent another letter enclosing the requested information. *Def's Mot. Dismiss Exs. 3, 4*, Dkt. 5-4, 5-6.

On August 25, 2020 the USPS sent a letter denying Mr. Weikerts administrative claim. *Def's Mot. Dismiss Ex. 5*, Dkt. 5-7. The letter explained that the denial is due to Mr. Weikert's failure to submit competent evidence as required. *Id*. The letter also explained that Mr. Weikert had two options available if he was dissatisfied with the USPS's decision. *Id*. Either option must be exercised within six months from the date that the USPS sent the decision. The first option was to file suit in a United States District Court. The second option was to ask USPS for reconsideration. Although the letter was sent to the address which had

been used in prior communications, it was never claimed. *Def's Mot. Dismiss*, at 5. The letter was returned to USPS at the end of September. *Id*.

In early November, USPS sent another letter as a courtesy. *Def's Mot. Dismiss Ex. 6*, Dkt. 5-8. The letter stated that the courtesy letter does not affect the time periods described within the previous letter, which was attached. *Id*. In other words, Mr. Weikert had six months from August 25, 2020 (the date USPS sent the denial) to file suit or ask for reconsideration. This letter was not returned to USPS.

Nearly seven months later, in mid-March, a different attorney[1] filed a second administrative claim on behalf of Mr. Weikert. *Def's Mot. Dismiss Ex. 7*, Dkt. 5-9. USPS responded to the letter informing them that the claim had previously been denied. *Def's Mot. Dismiss Ex. 8*, Dkt. 5-10. Since there was no appeal pending, USPS filed the second claim but took no other action. *Id*.

On July 12, 2021, nearly a year after the original denial, this action was commenced by Mr. Weikert's attorney. On August 6 and 10 the U.S. Attorney for the District of Idaho and United States Attorney General were served. *Pl's Mot. Default J. Ex. A*, Dkt. 4-1. On September 22, 2021, Mr. Weikert's attorney filed a motion for default judgment since the United States had yet to respond. *Pl's Mot.*

---

[1] At some point between the first and second administrative claim filing Mr. Weikert changed attorneys.

*Default J.*, Dkt. 4. On October 5, 2021 the United Stated responded by filing a motion to dismiss for failure to state a claim. *Def's Mot. Dismiss*, Dkt. 5. For the reasons explained below, the motion for default judgment will be denied and the motion to dismiss will be granted.

## LEGAL STANDARD

### A.   Legal Standard for Rule 55(d) Default Judgment

Where a party against whom judgment is sought has failed to plead or otherwise defend, the party seeking relief must first secure an entry of default, and then may apply to the court for default judgment. Fed.R.Civ.P. 55. Whether to enter default judgment is in the sole discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir.1956). To obtain a default judgment against the United States, the claimant must establish "a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

### B.   Legal Standard for 12(b)(6) Motions

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint may also provide grounds for dismissal under Rule 12(b)(6) if a statute of limitations defense is apparent on the face of the complaint. *See Huynh v. Chase*

*Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citing *Conely v. Gibson*, 355 U.S. 41 (1957)). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

### A. Default Judgment

Mr. Weikert filed a motion for a default judgment against the United States. He asserts he in entitled to default judgment because the United States did not respond to his complaint and summons within thirty days. *Pl's. Mot. Default J.*, Dkt. 4-1. Since the action was commenced against the United States, they have sixty days to respond. Fed. R. Civ. P. 12(a)(2)-(3). Sixty days from the later date of service tolled on October 12, 2021. The U.S. District of Idaho Attorney General filed a motion to dismiss on October 5, 2021. Therefore, the United States timely responded.

Even if the United States had missed the deadline, a default judgment is not warranted. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Our starting

**MEMORANDUM DECISION AND ORDER - 5**

point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible."). To obtain a default judgment against the United States, the claimant must establish "a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); *Giampaoli v. Califano*, 628 F.2d 1190, 1193 (9th Cir. 1980). Here, Weikert has not established a right to relief, because it is apparent that the statute of limitations bars his claim. Therefore, Mr. Weikert's motion for default judgment is denied.

### B. Motion to Dismiss

The United States Attorney for the District of Idaho filed a motion to dismiss alleging Mr. Weikert failed to state a claim upon which relief could be granted. More specifically, it is alleged that the statute of limitations bars Weikert's claim against the United States because he failed to act within six months of USPS's denial of his administrative claim. *Def's. Mot. Dismiss*, Dkt. 5.

The Federal Tort Claims Act subjects the United States to liability in limited circumstances. 28 U.S.C. § 1346, 2671-2680. To initiate a lawsuit against the United States, the plaintiff must have first presented the claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). The agency must issue a final decision before a lawsuit can be filed. *Id*. If the claimant is unhappy with the agency's final decision, they have six months to file a claim in the appropriate court. 28 U.S.C. §

**MEMORANDUM DECISION AND ORDER - 6**

2401(b). The six-month window starts when the final decision is mailed. *Id.*; *see also Redlin v. United States*, 921 F.3d 1133, 1139 (9th Cir. 2019) ("[Statute's] language makes clear that the limitations period begins running as soon as the agency mails its initial final notice…."). "The regulations provide another option: within that same six-month period, a claimant may file a request for reconsideration with the agency." *Redlin*, 921 F.3d at 1137; 28 C.F.R. § 14.9(b); 39 C.F.R. § 912.9(b).

It may seem harsh to deny review of a potentially valid claim solely based on the statute of limitations – however, that is the statute's very purpose. *United States v. Kubrick*, 444 U.S. 111 (1979) (stating courts should not take it upon themselves to extend or narrow the waiver of immunity beyond what Congress intended); *Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985) ("In the face of clear statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit."). In *Hatchell* the Ninth Circuit affirmed the barring of a tort claim that was filed three days after the six-month statute of limitations expired. *Hatchell*, 776 F.2d at 246.

In a more recent case, the Ninth Circuit affirmed the six-month deadline. *Redlin*, 921 F.3d at 1137 (finding amendment to the first claim must be filed before the agency's final decision and filing a lawsuit or request for reconsideration must

**MEMORANDUM DECISION AND ORDER - 7**

be done within six-months after the agency mailed its final decision). In *Redlin* the court also found that filing a second claim pertaining to the first claim after the agency's final decision does not restart the six-month statute of limitations; nor is the statute of limitation's restarted by the agency's response to the second claim. *Redlin*, 921 F.3d at 1137.

Mr. Weikert's second claim and filing of this lawsuit are untimely. Nearly seven months after the letter of denial was sent, Mr. Weikert filed a second claim. If this filing was an amendment to the original claim, it was untimely because the agency had already issued its final decision. If it was a request for reconsideration, it was untimely because it was received by the agency nearly a month after the six-month window ended. Just as in *Redlin*, neither the second claim nor the agency's response to that claim restarted the six-month window. Nearly a year after the final denial was sent Mr. Weikert filed this lawsuit. That is well beyond the six-month window. Therefore, as in *Hatchell* and *Redlin*, the claim is barred by the statute of limitations, and the complaint must be dismissed.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Default Judgment against the United States (Dkt. 4) is **DENIED**.

2. Defendant's Motion to Dismiss for failure to state a claim (Dkt. 5) is **GRANTED**. A judgment dismissing this action will be docketed separately. The clerk's office is directed to close this case.

DATED: January 24, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9